**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

| | |
|---|---|
| SOFIA ELLINGSWORTH, individually and on behalf of all others similarly situated, | CLASS ACTION |
| *Plaintiff*, | Case No. |
| vs. | **JURY TRIAL DEMANDED** |
| SAGE DENTAL GROUP OF FLORIDA, PLLC, | |
| *Defendant*. | |
| _____/ | |

**CLASS ACTION COMPLAINT**

Plaintiff Sofia Ellingsworth brings this class action against Defendant Sage Dental Group of Florida, PLLC and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

**NATURE OF THE ACTION**

1. This is a class action under the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, as amended by Senate Bill No. 1120, and the Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA").

2. Defendant is a Florida dental group that provides general dental care and specialty care services and has branches in Florida and Georgia. Defendant also sells consumer goods such as dental devices and products.

3. To promote its goods and services, Defendant engages in telephonic sales calls to consumers without having secured prior express written consent as required by the FTSA.

4. Defendant's telephonic sales calls have caused Plaintiff and the Class members harm, including violations of their statutory rights, statutory damages, annoyance, nuisance, and invasion of their privacy.

5. Through this action, Plaintiff seeks an injunction and statutory damages on behalf of herself and the Class members, as defined below, and any other available legal or equitable remedies resulting from the unlawful actions of Defendant.

## PARTIES

6. Plaintiff is, and at all times relevant hereto was, an individual and a "called party" as defined by Fla. Stat. § 501.059(1)(a) in that she was the regular user of telephone number \*\*\*-\*\*\*-8233 (the "8233 Number") that received Defendant's telephonic sales calls.

7. Defendant is, and at all times relevant hereto was, a Florida corporation and a "telephone solicitor" as defined by Fla. Stat. § 501.059(f). Defendant maintains its primary place of business and headquarters in Boca Raton, Florida. Defendant directs, markets, and provides business activities throughout the United States.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1391 because this case arises under the law of the United States, namely 47 U.S.C. 227. This Court has subject matter jurisdiction over the FTSA claim pursuant to 28 U.S.C. 1367(a).

9. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. 1362(d) because (i) this suit is a class action, (ii) the amount-in-controversy exceeds $5,000,000.00, and (iii) members of the Classes are citizens of different states than Defendant.

10. Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state.

11. Venue for this action is proper in this Court pursuant to Fla. Stat. § 47.051 because Defendant (1) is a Florida corporation doing business in this state; and (2) has an agent or other representative in Florida.

## FACTS

12. On or about April 11, 2022, Defendant sent the following telephonic sales call to Plaintiff's cellular telephone number:





13. As demonstrated by the above screenshot, the purpose of Defendant's telephonic sales call was to solicit the sale of consumer goods and/or services. The message contained

3

language such as "One Day Only, April 29, crowns are only $799*! Hurry, limited appointments available…"

14. The dental devices and "crowns" that Defendant sells and promotes through its telephonic sales calls are tangible personal property that are normally used for personal, family, or household purposes.

15. Indeed, dental crowns are sold at large retailers such as Wal Mart and Amazon.

16. Defendant sent the telephonic sales calls to Plaintiff and other consumers as prospective purchasers or recipients of Defendant's goods and services.

17. The text message includes a link to the website, where the homepage immediately provides advertisements for numerous goods and services, such as toothpaste, floss, teeth-whitening, and so forth.

18. Upon information and belief, Defendant caused similar telephonic sales calls to be sent to individuals residing in Florida and throughout the United States.

19. Plaintiff is the regular user of the telephone number that received the above telephonic sales call.

20. On or about April 19, 2022, Defendant sent an identical text message with identical language to Plaintiff.

21. To transmit the above telephonic sales call, Defendant utilized a computer software system that automatically selected and dialed Plaintiff's and the Class members' telephone numbers.

22. Moreover, upon information and belief, Defendant's dialing system utilized an algorithm to automatically determine the sequence in which to dial numbers and then to automatically dial those numbers in order of the sequence in which they are algorithmically picked.

23. Defendant's system utilizes, in other words, a random or sequential number generator to determine the order in which to pick the numbers from a list of numbers to be called.

24. Defendant uses this automated system to blast text messages en masse to thousands of individuals.

25. Notably, the text message is depersonalized and formulaic. Moreover, Defendant subsequently sent a text message containing identical language at a similar time of day.

26. Plaintiff never provided Defendant with express written consent authorizing Defendant to transmit telephonic sales calls to Plaintiff's cellular telephone number utilizing an automated system for the selection or dialing of telephone numbers.

27. Defendant's telephonic sales call caused Plaintiff and the Class members harm, including statutory damages, invasion of privacy, and intrusion upon seclusion.

## CLASS ALLEGATIONS

### PROPOSED CLASS

28. Plaintiff brings this lawsuit as a class action on behalf of herself individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). Plaintiff seeks to represent the following Classes:

> **FTSA Class**
> **All persons in the United States who (1) were sent a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff, (3) during the time period of four years prior to the filing of the Complaint through the date on which an Order granting class certification is entered.**
>
> **All persons in the United States where (1) Defendant placed a call using the same equipment or type of equipment utilized to call Plaintiff (2) and whose number was assigned to a cellular telephone service, (3) during the time period of four years prior to the filing of the Complaint through the date on which an Order granting class certification is entered.**

29. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the exact number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

30. Upon information and belief, Defendant has placed telephonic sales calls to telephone numbers belonging to thousands of consumers listed throughout Florida, Georgia, and throughout the United States, without their prior express written consent. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

31. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT PREDOMINATE OVER INDIVIDUAL QUESTIONS

32. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [1] Whether Defendant initiated telephonic sales calls to Plaintiff and the Class members; [2] Whether Defendant utilized an automated system for the selection or dialing of telephone numbers to place the telemarketing text messages at issue; and [3] Whether Defendant utilized an automated telephone dialing system within the meaning of the TCPA.

33. The common questions in this case are subject to common answers. If Plaintiff's claim that Defendant routinely transmits telephonic sales calls without prior express written consent is accurate, Plaintiff and the FTSA Class members will have identical claims capable of being efficiently adjudicated and administered in this case. If Plaintiff's claim that Defendant

utilizes an ATDS to place the calls is accurate, the same is true for Plaintiff and the TCPA Class members.

34. These common questions predominate over any individual questions of law or fact. The elements of the claims subject to common proof predominate those elements subject only to individual proof.

### TYPICALITY

35. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories and arise from the same course of conduct. Moreover, Plaintiff is not subject to any unique affirmative defenses that threaten to overwhelm the litigation.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

36. Plaintiff will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Neither Plaintiff nor Class Counsel possess any interests in conflict with those of the Classes. Accordingly, Plaintiff and counsel are adequate representatives and will fairly and adequately protect the interests of the Classes.

### SUPERIORITY

37. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

38. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**VIOLATION OF FLA. STAT. § 501.059**
**(On Behalf of Plaintiff and the FTSA Class)**

39. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

40. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

41. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(g).

42. "Prior express written consent" means an agreement in writing that:

1. Bears the signature of the called party;

2. Clearly authorizes the person making or allowing the placement of a telephonic sales call by telephone call, text message, or voicemail transmission to deliver or cause to be delivered to the called party a telephonic sales call using an automated system for the selection or dialing of telephone numbers, the playing of a recorded message when a connection is completed to a number called, or the transmission of a prerecorded voicemail;

8

   3. Includes the telephone number to which the signatory authorizes a telephonic sales call to be delivered; and

   4. Includes a clear and conspicuous disclosure informing the called party that:

      a. By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called; and

      b. He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

Fla. Stat. § 501.059(1)(g).

43. Defendant failed to secure prior express written consent from Plaintiff and the Class members.

44. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

45. Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

46. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id*.

**COUNT II**
**VIOLATION OF 47 U.S.C. 227(b)(1)**
**(on behalf of Plaintiff and the TCPA Class)**

47. The allegations set forth in paragraphs 1-38 are incorporated herein.

48. Defendant placed calls to Plaintiff and the TCPA Class members via an automated telephone dialing system, within the meaning of the TCPA, as set forth herein.

49. Plaintiff's telephone number and those of the TCPA Class members were assigned to a cellular telephone service.

50. Defendant did not possess prior express written consent to place the calls to Plaintiff and the TCPA Class members.

51. In so doing, Defendant violated 47 U.S.C. 227(b)(1)(A).

52. Moreover, Defendant's violations were knowing and/or willful.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the FTSA Class pursuant to Fla. Stat. § 501.059(10), and for Plaintiff and each member of the TCPA Class pursuant to 47 U.S.C. 227(b)(3);

c) An order declaring that Defendant's actions, as set out above, violate the FTSA and TCPA, respectively;

d) An injunction requiring Defendant to cease all telephonic sales calls made without express written consent, and to otherwise protect the interests of the Classes;

e) Such further and other relief as the Court deems necessary.

**JURY DEMAND**

Plaintiff, individually and on behalf of the Classes, hereby demand a trial by jury.

**DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with the communications or transmittal of the calls as alleged herein.

Dated: July 20, 2022

Respectfully Submitted,

*/s/ Jake Phillips*
**NORMAND PLLC**
Jacob Phillips, Esq.
Florida Bar No. 0120130
3165 McCrory Place, Ste. 175
Orlando, Florida 32803
Telephone: 407-603-6031
Jacob.phillips@normandpllc.com
ean@normandpllc.com

**SHAMIS & GENTILE P.A.**
Andrew J. Shamis, Esq.
Florida Bar No. 101754
ashamis@shamisgentile.com
Garrett O. Berg, Esq.
Florida Bar No. 1000427
gberg@shamisgentile.com
14 NE 1st Ave., Suite 705
Miami, Florida 33132
Telephone: 305-479-2299

**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq.
Florida Bar No. 0100537
Christopher Gold, Esq.
Florida Bar No. 088733
scott@edelsberglaw.com
chris@edelsberglaw.com
20900 NE 30th Ave., Suite 417

Aventura, FL 33180
Office: (786) 289-9471
Direct: (305) 975-3320
Fax: (786) 623-0915

*Counsel for Plaintiff and the Class.*